### CHIN CHIU FONG et al. v. PHELAN.

#### No. 12415.

United States Court of Appeals
Ninth Circuit.
April 19, 1950.

Jackson & Hertogs, Joseph S. Hertogs, San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Attorney, Edgar R. Bonsall, Asst., San Francisco, Cal., (Lloyd E. Gowen, Asst. Dist. Adjudications, Officer, Imm. & Nat. Service, San Francisco, Cal., on brief), for appellee.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment denying a writ of habeas corpus to two persons of Chinese descent, each a minor, aged respectively 19 and 18, who had been ordered excluded from the United States on their seeking admission there at the Port of San Francisco.

The applicants had a hearing before a duly constituted Board of Special Inquiry which ordered the applicants excluded on the ground that they had not maintained their burden of proof that they were the children of Chin Yow Yim, admittedly a citizen of the United States. The contention of the applicants, who speak no English, is that they were not accorded the hearing prescribed under the statute and regulations, in that at the hearing they were not afforded the right to have a friend or relative present or counsel there to represent them. The pertinent statute is that of February 5, 1917, as amended, 8 U.S.C.A. 153, providing that

"* * * All hearings before such boards shall be separate and apart from the public, but the immigrant may have one friend or relative present under such regulations as may be prescribed by the Attorney General. * * *"

Part 130.2 of Title 8, Code of Federal Regulations (Published 11 F.R. 14232, December 11, 1946) provides inter alia:

"The alien shall also be accorded the right to have one friend or relative present: *Provided,* that if such friend or relative is a witness, he has already completed his testimony. During the preliminary part of the hearing the alien shall be advised of these rights and there shall be entered in the record the exact language in which he is so advised and of his reply. If the alien desires to have counsel or a friend or relative present, *he shall be given a reasonable, fixed period of time within which to arrange for such presence.*" (Emphasis supplied.)

The appellee's brief states that it concedes this regulation, so providing for counsel and the fixing of a time to procure him, has "the force and effect of law." On the first day of the hearing before the Board the applicants were advised, as follows:

"* * * You have the right to be represented in this proceeding by an attorney or by any other person admitted to practice before this Service or the Board of Immigration Appeals. Do you wish to be so represented?"

They answered: "I desire to delay this case until I can write a letter to my father and see what he wants us to do."

At no time did the Board give a "fixed period of time" within which to arrange for such presence of counsel. It allowed the minor boys to write to their father, stating to them,

"You are advised that this Board of Special Inquiry will be recessed in order to give you an opportunity to obtain advice

from your father concerning the retention of Counsel. You should immediately let us know when you are ready to proceed with this hearing. Do you understand?

"A. I understand. By each Applicant."

It is obvious that this does not fix a time for arranging for counsel. It is to be some time after the boys had heard from their alleged father in New York.

Ten days later the hearing was resumed and the uncontradicted testimony is that the elder boy had written his alleged father in New York and that the letter had been returned for insufficient postage.

It was then stated to the applicants that one Edward Hong, a New York attorney, had entered the proceeding in New York where the testimony of the claimed father and mother was to be taken. Without advising them that nevertheless they had the right to counsel at the San Francisco hearing, they were asked if they were ready to proceed and they answered that they were.

It is reasonable to suppose that they thought the New York counsel was all they could have and this was what they were in effect told, for the next statement to them was,

"Inasmuch as Attorney Edward Hong is in New York City, it is evident that he will waive his personal appearance at this hearing. Do you understand?

"A. Yes. (By both applicants.)"

Since the letter to their claimed father had not reached him, it is apparent that, instead of asking if the boys were ready to proceed, they should then have been given a fixed period of time to procure counsel provided in the regulation.

Similarly with regard to the right given by the statute and regulation to the presence of a friend or relative. At the first day of the hearing no fixed period of time was given them to secure such a friend. They then stated that they desired the presence of one Cheung Yin Kuey whose address they did not know, but of which they thought their father would advise them. The evidence shows that Cheung Yim Kuey was in Philadelphia.

Since no fixed period of time had theretofore been given to secure such a friend, it should have been given on the second day of the hearing. The value of the presence of a Chinese speaking friend is obvious. He can determine whether the interpreter has properly stated the questions to the applicants in Chinese and their answers in English. No doubt Congress had this in mind in enacting the statute.

The judgment is reversed. The cause is remanded to the district court which is instructed to enter an order that the applicants be freed of the custody of the Immigration officers unless within thirty days from the date of the order there be set aside the order of deportation of the applicants and that portion of the proceeding in San Francisco with respect to the testimony of applicants before the Board of Special Inquiry after the applicants had stated they were ready to proceed. 28 U.S.C.A. § 2243.

Reversed and remanded.